# UNITED STATES DISTRICT COURT

For the

Eastern District of Texas
Tyler, Texas Division



Cause No. 6:24 cv 324 JCB/JDL

| | |
|---|---|
| JRMAR "JJ" JEFFERSON<br><br>Plaintiff,<br><br>v.<br><br>SAM'S EAST, INC. (d/b/a SAM'S CLUB), AMANDA PORTER, OFFICER FERNANDO ESQUIVEL, in his Official and Individual Capacities, & Does 1-10,<br><br>Defendants. | §<br>§<br>§<br>§<br>§   JURY TRIAL DEMANDED<br>§<br>§<br>§<br>§<br>§<br>§ |

## PLAINTIFF'S ORIGINAL COMPLAINT

**COMES NOW,** Plaintiff, Jrmarr Jefferson, and files this Complaint against Defendants Sam's East, Inc., Amanda Porter, Officer Fernando Esquivel, and the City of Longview, alleging as follows:

### I. NATURE OF THE ACTION

1. This is an action brought by the Plaintiff against the Defendants for multiple violations of his civil rights under 42 U.S.C. § 1983, including violations of his Fourth and Fourteenth Amendment rights. Plaintiff also alleges state law claims for Intentional Infliction of Emotional Distress (IIED), Defamation, Negligent Infliction of Emotional Distress

(NIED), Negligent Hiring, Retention, and Supervision, and False Issuance of a Criminal Trespass Warning. The conduct complained of herein arises out of an incident that occurred on August 31, 2022, involving Plaintiff's wrongful detainment, false accusations, and subsequent emotional and psychological trauma.

## II. PARTIES

**Plaintiff:**

2. Plaintiff, Jrmarr Jefferson, is a citizen of the United States and a resident of Longview, Texas.

**Defendants:**

3. Defendant, Sam's East, Inc. (d/b/a Sam's Club), is a corporation organized under the laws of the State of Arkansas with its principal place of business in Bentonville, Arkansas. Sam's East, Inc. operates a retail location in Longview, Texas, where the incident occurred.

4. Defendant Amanda Porter is an employee of Sam's Club at its Longview, Texas location. She is a resident of Longview, Texas, and may be served at her place of employment.

5. Defendant Officer Fernando Esquivel is an officer with the Longview Police Department and was acting under the color of law at all times relevant to this complaint. He is a resident of Longview, Texas, and may be served at the Longview Police Department.

6. Defendant, the City of Longview, is a municipal entity in the State of Texas, responsible for the policies, practices, and customs of its police department, including the actions of Officer Esquivel. The City of Longview may be served by delivering a copy of the complaint to the City Attorney's Office.

## III. JURISDICTION AND VENUE

7. Jurisdiction exists in this Court pursuant to 28 U.S.C. §§ 1331 and 1343 as this action is brought under, inter alia, the Fourth and Fourteenth Amendments of the United States Constitution and 42 U.S.C. § 1983, to redress the deprivation of rights, privileges, and immunities guaranteed to the Plaintiff by constitutional and statutory provisions.

8. Venue is proper in this Court under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district, specifically in Longview, Texas, within the Eastern District of Texas, Tyler Division.

## IV. FACTS

9. On or about August 31, 2022, Plaintiff was shopping at Sam's Club located in Longview, Texas. During this time, Amanda Porter, an employee of Sam's Club, falsely accused Plaintiff of theft and claimed that he had made threats of violence, which led to the involvement of the Longview Police Department.

10. Officer Fernando Esquivel responded to the scene and, without conducting a thorough investigation, detained Plaintiff, issued a criminal trespass warning, and threatened further legal action. The allegations made by Amanda Porter were unfounded, and Plaintiff had not engaged in any illegal activity.

11. The actions of Amanda Porter, supported by Sam's Club, and the subsequent conduct of Officer Esquivel, including the issuance of a false criminal trespass warning, were extreme, outrageous, and intended to cause, and did cause, severe emotional distress to the Plaintiff.

12. As a result of these events, Plaintiff has suffered significant emotional distress, including anxiety, depression, and humiliation. The false accusations have damaged Plaintiff's reputation, and he has experienced a loss of enjoyment of life.

## V. CAUSES OF ACTION

**COUNT 1: Violation of Civil Rights under 42 U.S.C. § 1983 (Against Officer Esquivel in his Official and Individual Capacities)**

13. Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

14. Officer Esquivel, acting under color of state law, deprived Plaintiff of his Fourth Amendment right to be free from unreasonable searches and seizures and his Fourteenth Amendment right to due process. The false issuance of the criminal trespass warning constituted an unlawful seizure and deprivation of liberty.

**COUNT 2: Conspiracy to Violate Civil Rights under 42 U.S.C. § 1983 (Against Amanda Porter and Officer Esquivel)**

15. Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

16. Amanda Porter and Officer Esquivel conspired together to falsely accuse and detain Plaintiff, thereby violating his civil rights under 42 U.S.C. § 1983. Their concerted actions were done with the intent to deprive Plaintiff of his constitutional rights.

## COUNT 3: Intentional Infliction of Emotional Distress (IIED) (Against Amanda Porter, Officer Esquivel, and Sam's East, Inc.)

17. Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

   18. The conduct of Amanda Porter, Officer Esquivel, and Sam's East, Inc. was extreme and outrageous, beyond the bounds of decency in a civilized society, and was intended to cause, and did cause, severe emotional distress to Plaintiff.

## COUNT 4: Negligent Hiring, Retention, and Supervision (Against Sam's East, Inc.)

19. Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

   20. Sam's East, Inc. negligently hired, retained, and supervised Amanda Porter, despite knowing, or having reason to know, that she was likely to engage in behavior that would cause harm to others, including the Plaintiff.

## COUNT 5: Defamation (Against Amanda Porter, Sam's East, Inc., and Officer Esquivel)

21. Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

   22. Amanda Porter, acting within the scope of her employment with Sam's East, Inc., made false and defamatory statements about Plaintiff, accusing him of theft and making threats. These statements were published to third parties, including Officer Esquivel and other Sam's Club employees, causing damage to Plaintiff's reputation.

## COUNT 6: Negligent Infliction of Emotional Distress (NIED) (Against All Defendants)

23. Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

24. Defendants' negligent actions caused Plaintiff to suffer severe emotional distress, including anxiety, humiliation, and loss of sleep. The emotional distress was foreseeable, and Defendants' actions directly caused Plaintiff's suffering.

## COUNT 7: False Issuance of Criminal Trespass Warning (Against Officer Esquivel and the City of Longview)

25. Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

26. The issuance of a criminal trespass warning by Officer Esquivel, without any legal basis or evidence of wrongdoing, constituted an abuse of legal process and resulted in an unlawful restriction on Plaintiff's liberty.

## COUNT 8: Due Process Violation and 14th Amendment Violation (Against All Defendants)

27. Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

28. The actions of the Defendants, including the false accusations, unlawful detainment, and issuance of a baseless criminal trespass warning, deprived Plaintiff of his right to due process under the Fourteenth Amendment of the United States Constitution.

## VI. DAMAGES

29. Plaintiff incorporates by reference paragraphs 1 through 28 as if fully set forth herein.

30. As a direct and proximate result of the Defendants' conduct, Plaintiff has suffered and continues to suffer significant damages, including, but not limited to:

- Actual damages, including medical expenses and loss of income.
- Severe emotional distress, mental anguish, and suffering.
- Damage to reputation and standing in the community.
- Punitive damages against the individual Defendants for their willful and malicious conduct.

Dated: September 3, 2024

_____
Delma Jimar Jefferson
Plaintiff, In Pro Per
3700 Reese Drive
Dallas, TX 75210
903-650-0069
jrmarjefferson@gmail.com