IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| JRMAR JEFFERSON, § § Plaintiff, § § v. § Case No. 6:24-cv-324-JDK-JDL § SAM'S EAST, INC. d/b/a SAM'S § CLUB, et al., § § Defendants. § | |

### ORDER ADOPTING REPORT AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Jrmar Jefferson, proceeding pro se, filed this lawsuit against multiple Defendants on September 3, 2024. Docket No. 1. The case was referred to United States Magistrate Judge John D. Love. On May 9, 2025, the Magistrate Judge issued a Report recommending that Jefferson's federal claims be dismissed with prejudice for failure to state a claim and that Jefferson's state law claims be dismissed without prejudice for lack of jurisdiction. Docket No. 48. Jefferson filed objections to the Report and Recommendation (Docket No. 52), and Defendants filed a response (Docket No. 54). For the reasons stated below, the Court overrules the objections.

**I.**

Where a party timely objects to the Report and Recommendation, the Court reviews the objected-to findings and conclusions of the Magistrate Judge de novo. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law. *Douglass v. United*

1

*Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

## II.

As an initial matter, Jefferson makes several general objections to the Report's recitation of this case's procedural history regarding Jefferson's attempts to amend his complaint. *See* Docket No. 52 at 1–3. These procedural and non-dispositive objections are not subject to de novo review but are reviewed for clear error. *See* 28 U.S.C. § 636(b)(1)(A). The Court finds that the Magistrate Judge's characterization of the record was accurate. Nor did the Magistrate Judge clearly err in denying leave because Jefferson failed to comply with the Court's order and local rules despite multiple opportunities and because he used generative artificial intelligence to cite phantom cases and inapplicable law. *See* Docket No. 43. Given Jefferson's pro se status and because he needed leave of court to file a second amended complaint, the Magistrate Judge liberally construed Jefferson's numerous filings as his attempts to comply.[1] *See, e.g.*, *id.* at 1. The Magistrate Judge did not mishandle Jefferson's case.

Regarding Jefferson's attempted amendment under Rule 15(a)(2), the Magistrate Judge correctly explained that further amendment is futile. *See* Docket No. 48 at 5–7. Because the governing limitations period ran on September 3, 2024,

---

[1] Jefferson's objections also allege—for the first time—that he has a "cognitive disability." Docket No. 52 at 2. To the extent that Jefferson is trying to create a disability claim based on the denial of his leave to amend, such a claim is not viable. *See Ades v. U.S. Dep't of the Treasury*, 2021 WL 345911, at *2 (E.D. Tex. Feb. 2, 2021) (noting that a plaintiff cannot assert new claims for the first time in an objection to a report and recommendation (collecting cases)).

and because Jefferson did not attempt to file his second amended complaint until March 18, 2025, the new allegations must relate back to the original complaint to be timely. *See* FED. R. CIV. P. 15(c)(1). They do not. As the Magistrate Judge pointed out, Jefferson's original complaint states only that he was shopping at Sam's when he was falsely accused of theft and unlawfully detained. Docket No. 48 at 7. Jefferson's objections acknowledge the factual divergence between his original complaint and the second amended complaint—which "did not allege shopping or theft," but states that "he was distributing campaign literature at the gas pump." Docket No. 52 at 4. Moreover, Jefferson already had an opportunity to amend and plead his best case, but he failed to state a claim or provide the facts that he now claims are pertinent. The Court therefore finds that denying leave to file a second amended complaint was not clearly erroneous. Jefferson's objections to the denial of leave to file his second amended complaint are overruled.

Next, Jefferson objects to the Magistrate Judge's statement that it is unclear whether Jefferson intended to assert a *Monell* claim. Docket No. 52 at 4. Jefferson affirms that he intended to assert municipal liability and asks for this claim to be reinstated. *Id.* This objection is another example of the Magistrate Judge's liberal construction of Jefferson's allegations and deference to his pro se status. The Magistrate Judge fully considered Jefferson's attempt to assert a claim for municipal liability and found that Jefferson had failed to allege an official policy or that any such policy was the moving force behind a constitutional violation. Docket No. 48 at 11–12. The Magistrate Judge also considered this claim against Defendant

3

Longview. *Id.* at 19. For these reasons, Jefferson's *Monell* claims were fully adjudicated, and the Magistrate Judge correctly found that Jefferson had failed to sufficiently plead them. Jefferson's objection on this point is overruled.

Jefferson next objects to the Magistrate Judge's finding that he did not sufficiently allege discriminatory intent regarding his equal protection claim. Jefferson argues that the Magistrate Judge ignored racially charged remarks like "because he is black," as allegedly shown in the bodycam footage. Docket No. 52 at 4. But Jefferson's first amended complaint, the operative pleading, does not allege that anyone said that. *See* Docket No. 19. Jefferson first raised this allegation on page 49 of an attempted second amended complaint filed on April 22, 2025. *See* Docket No. 42-3 at 49. Thus, this allegation was not in the pleaded record. Even to the extent it could be fairly considered as a factual supplement to this claim, which is likely time barred because Jefferson did not assert equal protection in his original complaint, the Court lacks sufficient information to understand this quotation in the context of discriminatory intent. Jefferson never states what specific action Defendant Esquivel took because of this statement. Moreover, Jefferson has failed to allege that any other similarly situated people were treated differently—a necessary element of an equal protection claim. *Gallegos-Hernandez v. United States*, 688 F.3d 190, 195 (5th Cir. 2012) (citation omitted). Thus, this objection is overruled.

Jefferson next objects to the Magistrate Judge's consideration of Defendants' statute of limitations defense because Jefferson contends that Defendants had waived the argument. Docket No. 52 at 5. As the Magistrate Judge noted, however,

Defendants Porter and Sam's East maintained that they were still asserting the defense, *see* Docket No. 33 at 3, and Jefferson always had notice of these arguments, Docket No. 48 at 5. Moreover, the Magistrate Judge thoroughly analyzed the merits of Jefferson's First Amendment claim, in any event, correctly finding that Jefferson never alleged Sam's Club was a state actor. *See id.* at 7–8; *see also Manhattan Cmty. Access Corp. v. Halleck*, 587 U.S. 802, 812 (2019) (noting that a "private entity is not ordinarily constrained by the First Amendment"). This objection is overruled.

Jefferson's next objection disputes the Report's conclusion that the Sam's Club gas station is private property. Docket No. 52 at 5. Even if Jefferson had timely pleaded his First Amendment claim, his argument that the Sam's gas station is a "quasi-public area open to members and the public" lacks merit. *Id.* The forum at issue—a privately owned gas station—is private property. Although the "public" may access the gas station, private property does not "lose its private character merely because the public is generally invited to use it for designated purposes." *Lloyd Corp., Ltd. v. Tanner*, 407 U.S. 551, 569 (1972). A gas station's being open to the public does not create an "open-ended invitation to the public to use the [gas station] for any and all purposes." *Id.* at 565; *see also id.* at 569 ("Few would argue that a free-standing store, with abutting parking space for customers, assumes significant public attributes merely because the public is invited to shop there."). This objection is overruled.

Next, Jefferson objects to the Magistrate Judge's alleged failure to consider joint action for § 1983 liability. Docket No. 52 at 6. Jefferson argues a joint action

5

theory exists because there is evidence of a police sergeant indicating that Sam's Club "use[s]" the Longview police. *Id.* Even accepting as true that Sam's Club uses the Longview police to enforce criminal trespass laws, a private actor does not become a public actor by merely taking advantage of law enforcement services. *See Rundus v. City of Dallas, Tex.*, 634 F.3d 309, 314–15 (5th Cir. 2011) (citation omitted); *see also Tulsa Prof'l Collection Servs., Inc. v. Pope*, 485 U.S. 478, 485 (1988) ("Private use of state-sanctioned private remedies or procedures does not rise to the level of state action."); *Moose Lodge No. 107 v. Irvis*, 407 U.S. 163, 173 (1972) (noting that to convert a private entity into a state actor merely because the private entity uses state services would destroy the distinction). Accordingly, this objection is overruled.

Jefferson next objects to the Magistrate Judge's purported uncertainty in considering a malicious prosecution claim. Docket No. 52 at 6. Again, Jefferson's objection misunderstands that his own allegations created the ambiguity, and the Magistrate Judge liberally construed those allegations as a malicious prosecution claim. *See* Docket No. 48 at 18. Jefferson's assertion that this interpretation is somehow contradictory to his requested relief is also unclear. Considering these arguments as objections to the Report and Recommendation, the Court finds that they are without merit. Specifically, a malicious prosecution claim requires a criminal proceeding, which has never been alleged. *Armstrong v. Ashley*, 60 F.4th 262, 278 (5th Cir. 2023) (quoting *Thompson v. Clark*, 596 U.S. 36, 44 (2022)). These objections are overruled.

Last, Jefferson objects to the Magistrate Judge's involvement in this action because he did not consent to the Magistrate Judge. Docket No. 52 at 6. Pursuant to the Federal Magistrate Act of 1979 and the standard practice of this Court, this action was automatically referred to the Magistrate Judge as authorized by 28 U.S.C. § 636(b)(1). That statute authorizes the Court to refer any non-dispositive, pretrial matter to the Magistrate Judge for determination and to designate a Magistrate Judge to conduct hearings and to submit proposed findings of fact and recommendations for the disposition of a matter to the District Judge. *Jackson v. Cain*, 864 F.2d 1235, 1242 (5th Cir. 1989). No consent from the parties is required for such referral. *Newsome v. EEOC*, 301 F.3d 227, 230 (5th Cir. 2002). Thus, to the extent Jefferson seeks revocation of the referral of pretrial matters and recommendations, he does not have the right to interfere with this Court's authority to delegate those responsibilities to the Magistrate Judge under § 636(b). *See Roell v. Withrow*, 538 U.S. 580, 585 (2003) (referring to referrals under Section 636(b) as "nonconsensual referrals"); *Jackson*, 864 F.2d at 1242 (holding that "[n]o such consent is required" for referrals under Section 636(b)). Accordingly, Jefferson's final objection is overruled.

### III.

Having conducted a de novo review of the record in this case and the Magistrate Judge's Report, the Court has determined that the Report of the Magistrate Judge is correct and that Jefferson's objections are without merit. Accordingly, the Court **OVERRULES** Jefferson's objections (Docket No. 52) and **ADOPTS** the Report of the Magistrate Judge (Docket No. 48) as the opinion of the

District Court. Jefferson's federal claims are **DISMISSED** with prejudice for failure to state a claim and his state claims are **DISMISSED** without prejudice for lack of jurisdiction.

So **ORDERED** and **SIGNED** this **13th** day of **June, 2025.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE